861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Michael OGDEN, Appellant,
v.
DISTRICT OF COLUMBIA, et al.
 No. 88-7015.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 26, 1988.
 
 Before MIKVA and D.H. GINSBURG, Circuit Judges, and MAX ROSENN, Senior Circuit Judge,United States Court of Appeals, Third Circuit*.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the court that the order of the district court, filed Nov. 27, 1987, granting appellees summary judgment and dismissing appellant's complaint with prejudice, be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 5iMemorandum
 
 4
 Appellant Michael Ogden appeals from a grant of summary judgment to the District of Columbia. Ogden had brought claims under Sec. 1983 and several common law torts against a District of Columbia police officer and the District itself based on the officer's affidavit in support of a warrant for Ogden's arrest for murder. We affirm.
 
 
 5
 Ogden claims that the officer deliberately or with reckless disregard for the truth mischaracterized the source of his information and left out other information in order to obtain a warrant. In a subfacial challenge to a warrant, the challenger bears the burden of proving that the omissions were intentional. See United States v. Martin, 737 F.2d 318, 329 (5th Cir.1980). Ogden has presented no evidence that the officer was trying to railroad him. The evidence that was presented suggests the opposite. The officer reinterviewed the victim-informant and tested him with a photo identification before signing the affidavit. The officer cleared the affidavit before submitting it with an assistant U.S. Attorney, who was informed of all the relevant information. Both inculpatory and exculpatory information was omitted from the affidavit, with no indication that the officer was seeking to dissemble.
 
 
 6
 Ogden also claims that had the affidavit contained the omitted information, the warrant would not have issued for want of probable cause because the magistrate would have questioned the reliability of a victim-informant who was homeless, a chronic alcoholic and initially reluctant to identify Ogden. Whether an informant is reliable does go to probable cause. But probable cause only requires a showing that there is a substantial chance of criminal activity not an actual showing of such activity. See United States v. Laws, 808 F.2d 92, 97 (D.C.Cir.1986). The Supreme Court has found that police corroboration of even non-criminal details of an informant's story and an informant's claim to have first-hand information was sufficient to establish probable cause, even when there was doubt as to the informant's motive and no information as to his character or capacity. Illinois v. Gates, 462 U.S. 213, 231-32 (1983). Here, the police had corroborated several details in the informant's story, the informant's information was known to be first-hand and no improper motives were suspected. Moreover, the informant was sober and adamant when he made the identification and there was a plausible reason why the informant initially refused to make any identification. Inclusion of the omitted material was neither necessary nor would it have been dispositive of probable cause.
 
 
 7
 Ogden claims that the detectives substituted their own judgment for that of the magistrate by withholding any relevant information. The assertion applies an inappropriate standard. The Supreme Court has admonished lower courts not to introduce "[t]echnical requirements of elaborate specificity" in this area. United States v. Ventresca, 380 U.S. 102, 108 (1965). Courts are not to turn after-the-fact scrutiny by courts of the sufficiency of an affidavit into nit-picking post hoc hypertechnical examinations. See Illinois v. Gates at 236, 244 n. 13, 246. An affidavit must be more than wholly conclusory, but it need only provide the magistrate with a substantial basis for concluding that probable cause exists; it need not present all the relevant information known to the police at the time. See Illinois v. Gates at 239. Appellant's original claim against the District of Columbia must fall because if the officer is not guilty of wrongdoing, then the District cannot be liable under the doctrine of respondeat superior. Similarly, appellant's proposed claim against the District of Columbia must also fall because if the officer's actions were not illegal, the District cannot have illegally conspired to commit those actions. Appellant's common law claims must fall as well. Since there was probable cause for the warrant, there was no false arrest or false imprisonment.
 
 
 8
 Ogden's last claim is that the officer is not protected by the requisite qualified immunity because he acted unreasonably in not conducting further investigation before obtaining a warrant. The court declines to reach the question of whether the officer's misconduct would be shielded by immunity as it has already found that no misconduct has occurred.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 294(d)